UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GERALD MICKENS, JR., | |
| Petitioner, | |
| v. | CAUSE NO.: 3:18-CV-744-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Gerald Mickens, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 18-07-291) held on August 3, 2018, where a Disciplinary Hearing Officer (DHO) found him guilty of Interfering With Count in violation of Indiana Department of Correction policy B-251. ECF 2 at 1. As a result, he lost 30 days earned credit time. *Id*. The Warden filed a return. ECF 15. Mickens filed a traverse. ECF 26. Mickens raises three grounds in his petition. ECF 2.

In Ground One, he argues he was denied requested video evidence. *Id*. In Ground Two, he argues he was denied a witness statement from Sgt. Statham. *Id*. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). The parties agree Mickens requested the video and witness statement when he was notified of this charge. ECF 15-9 and ECF 26. The Screening Report shows he requested

"Camera – to show I didn't come in until till in between 5:00 & 5:30 and was walking down the range w/ the writing officer." ECF 15-5. It shows he requested "Sgt. R. Statham – That he did get in late from work and was walking w/ the writing officer talking to him." *Id*.

The parties agree Mickens withdrew those two requests. ECF 15-9 and ECF 26. The screening report shows they have a line drawn through them with the initials of the screening officer. ECF 15-5. Mickens explains he withdrew them because the screening officer told him "that she would drop the class-B to a class-C . . . conduct report." ECF 26 at 2. The screening officer explains "[h]e changed his mind and told me he did not want to call Sgt. Statham [nor] video evidence." ECF 15-9 at 1. However, she does not dispute that the reason he changed his mind was because she told him she was reducing the charges against him. Because the undisputed facts show he was induced to withdraw his evidence requests with an unfulfilled promise of a lower charge, he was improperly denied his right to present evidence and will be granted habeas corpus relief on Grounds One and Two. The DHO states Mickens did not complain about the lack of evidence at his hearing. ECF 15-10. It would have been better if Mickens had done so. However, that was not necessary to preserve his due process right to evidence he was induced to abandon with an unfulfilled promise.

In Ground Three, he argues he was not notified that being found guilty of Interfering With Count could result in the loss of earned credit time. ECF 2. The parties agree the punishment for this charge was increased from a Class C to a Class B offense sometime prior to this charge against him. ECF 2 and ECF 15-12. Mickens states he was

2

not informed he could lose earned credit time for interfering with count. ECF 2. However, he did know interfering with count was a rule violation. ECF 2. He also knew he faced the loss of earned credit time when he was charged with a Class B offense. ECF 15-1 and ECF 15-5. Therefore he has no factual basis for this being a due process violation. Moreover, inmates are only required to receive advance notice of sufficient facts to inform them of the behavior with which they are charged. There is no requirement that they receive notice of the specific number of the rule violation, its title, nor severity. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003) (No due process violation where the Final Reviewing Authority increased the charge on appeal.) and *Salazar v. Wilson*, 498 F. App'x 600, 603 (7th Cir. 2012) ("The modification did not violate Salazar's right to due process; the additional charge relies on the same evidence introduced at the disciplinary hearing and Salazar's defense applied equally to both charges."). Therefore Ground three is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is GRANTED on Grounds One and Two. The Respondent is ORDERED to file documentation by **June 4, 2020**, showing the guilty finding in ISP 18-07-291 has been vacated and the earned credit time restored.

SO ORDERED on April 30, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT